**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE MOORE on behalf of himself and others similarly situated, | : : : | |
| Plaintiff, | : : | Case No. |
| v. | : : | |
| AUTO CARE WARRANTY SOLUTIONS, LLC, | : : : | |
| Defendant. | : : : | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Defendant Auto Care Warranty Solutions, LLC ("Auto Care Warranty" or "Defendant") engaged in a cold-calling, prerecorded telemarketing campaign to promote its vehicle service warranties to persons who had no prior relationship with the Defendant (the Telemarketing Campaign).

3. The Telemarketing Campaign engaged in by the Defendant also violated 815 ILCS 305, the Illinois Automatic Telephone Dialers Act when it used a pre-recorded message.

4. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action against the Defendant on behalf of a proposed nationwide class of other persons who received calls during the Telemarketing Campaign.

5. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6. Plaintiff George Moore is a resident of Illinois in this District.

7. Defendant Auto Care Warranty is and was at all relevant times a business entity duly formed with a principal address at 2000 East 4th Street, Number 304, Santa Ana, California 92705, and a registered agent address at 1019 Costa Pacifico, #1407, Oceanside, California 92054.

## Jurisdiction & Venue

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

9. Defendant is subject to specific personal jurisdiction in this District because it has continuous and systematic contacts with this District through its telemarketing efforts that target this District.

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff Moore is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this putative class action lawsuit.

**TCPA Background**

11. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

12. The TCPA makes it unlawful to (1) make calls to cellular telephone lines using an "automatic telephone dialing system," or (2) make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b)(1)(A) & (B); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

14. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

15. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

The National Do Not Call Registry

16. Second, § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

17. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

19. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

4

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### Illinois Automatic Telephone Dialers Act

20. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits

21. "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

22. The ATDA provides for treble actual damages, statutory damages of $500 per violation, and costs and reasonable attorneys' fees. 815 ILCS 305/30(c).

23. Passage of the 2013 amendments to the ATDA providing for statutory damages, as invoked here, was unanimous in the Illinois legislature.

### Factual Allegations

Calls to Mr. Moore

24. The Defendant contacted Mr. Moore on two of his telephone numbers.

25. The first number, (630) 699-XXXX, is a residential number registered to a cellular telephone service.

26. The second number, (727) 753-XXXX, is a residential number.

27. Both numbers have been continuously on the National Do Not Call Registry for years prior to the receipt of the calls at issue.

28. On at least February 17, March 6, April 2, April 17, June 9, 17 and 19, 2020, Mr. Moore received a pre-recorded telemarketing call from Auto Care Warranty.

29. The June 19, 2020 call was made to the (630) 699-XXXX number.

30. The remaining calls were made to the (727) 753-XXXX number.

31. The pre-recorded call began each time by describing vehicle warranty services and asked the Plaintiff to press the number "1" to be connected with a live representative.

32. The purpose of these calls was to generate sales for Auto Care Warranty.

33. The Plaintiff was not interested in the services being offered and attempted to ignore the calls.

34. However, the calls continued.

35. On June 26, 2020, the Plaintiff received another call from the Defendant on the (727) 753-XXXX number.

36. To confirm the identity of the calling party, the Plaintiff listened to the telemarketing pitch and provided identifying information.

37. The Plaintiff received a letter from Auto Care Warranty regarding the telemarketing call he had received.

38. Auto Care Warranty further confirmed their identity by being affiliated with Matrix Warranty Solutions, Inc, a company that sponsors and administers the vehicle service warranty contracts offered by Auto Care Warranty.

39. After the call, the Plaintiff contacted Auto Care Warranty regarding the telemarketing solicitation calls he had received and demanded any information that Auto Care Warranty had that would permit the call.

40. The Plaintiff received no response.

41. Plaintiff and all members of the classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone lines from legitimate communication and wasted his time.

42. Plaintiff has not provided Defendant with his prior express written consent to place telemarketing calls to him.

## Class Action Allegations

43. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of the following classes of persons or entities similarly situated throughout the United States.

44. The classes of persons Plaintiff proposes to represent are tentatively defined as:

DO NOT CALL LIST CLASS

> All persons within the United States to whom: (a) Defendant or a third party acting on their behalf, made at least two telephone solicitation calls during a 12-month period; (b) promoting vehicle warranty services (c) to a residential or cellular telephone number registered on the National Do Not Call Registry for at least 30 days prior to the first call; (d) on or after four years from the filing of the Complaint.

PRERECORDED CLASS

> All persons within the United States to whom: (a) Defendant or a third party acting on their behalf, made one or more telephone calls promoting vehicle warranty services; (b) to a residential or cellular telephone number; (c) through the use of a prerecorded voice; and (d) on or after four years from the filing of the Complaint.

IL ATDA SUBCLASS

> All Illinois residents to whom: (a) Defendant and/or a third party acting on its behalf, made one or more non-emergency telephone calls; (b) to a residential or cellular telephone number; (c) through the use of a prerecorded voice; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

45. Excluded from the classes are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46. The classes as defined above are identifiable through phone records and phone number databases.

47. The potential class members number at least in the thousands. Individual joinder of these persons is impracticable.

48. Plaintiff is a member of the classes.

49. There are questions of law and fact common to Plaintiff and to the proposed classes, including but not limited to the following:

    a. Whether Defendant violated the TCPA by calling individuals on the National Do Not Call Registry;

    b. Whether Defendant's calls are solicitations;

    c. Whether Defendant made calls using a prerecorded voice;

    d. Whether Defendant placed calls without obtaining the recipients' prior express written consent for the call; and

    e. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

50. Plaintiff's claims are typical of the claims of class members.

51. Plaintiff is an adequate representative of the classes because his interests do not conflict with the interests of the classes, he will fairly and adequately protect the interests of the classes, and is represented by counsel skilled and experienced in class actions, including TCPA class actions.

52. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiff.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

54. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

### Count One
### Violations of the TCPA's Do Not Call Provisions

55. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by initiating, or having one of their vendors initiate on their behalf, multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission.

57. Defendant's violations were negligent and/or willful.

### Count Two
### Violation of the TCPA's Automated Telemarketing Call Provisions

58. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

59. Defendant violated 47 U.S.C. § 227(b)(1)(A), 47 U.S.C. § 227(b)(1)(B), 47 C.F.R. § 64.1200(a)(2), and 47 C.F.R. § 64.1200(a)(3) by initiating, or having one of their

vendors initiate on their behalf, a call that includes an advertisement or constitutes telemarketing to the Plaintiff's residential and cellular telephone numbers using a pre-recorded voice without his prior express written consent.

60. Defendant's violations were negligent and/or willful.

## Count Three
## Violations of the ATDA, 815 ILCS 305/1 *et seq.*

61. Plaintiff realleges and incorporates the foregoing allegations as if set forth fully herein.

62. The ATDA prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party." 815 ILCS 305/30(b).

63. Defendant did not have the consent of Plaintiff or the other members of the IL ATDA Sub-Class to play a prerecorded message placed by an autodialer.

64. Nonetheless, Defendant called the phones of Plaintiff and the other members of the IL ATDA Sub-Class using a telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically connect a telephone with a recorded message. No human being physically dialed each digit of Plaintiff's or the other IL ATDA Sub-Class members' phone numbers to connect their telephones with a recorded message.

65. Consequently, Defendant violated the ATDA by playing a prerecorded message placed by an autodialer during calls to the phones of Plaintiff and the other IL ATDA Sub-Class members, without such persons' consent, or by the fact that others did so on their behalf.

66. As a result of Defendant's conduct and pursuant to Section 30(c)-(c-5) of the ATDA, Plaintiff and the other members of the IL ATDA Sub-Class were harmed and are each

entitled to statutory damages of $500 per violation and three times any actual damages, as well as costs and attorneys' fees. 815 ILCS 305/30(c)-(c-5).

### Relief Sought

For himself and all Classes members, Plaintiff requests the following relief:

A.  Certification of the proposed Classes;

B.  Appointment of Plaintiff as representative of the Classes;

C.  Appointment of the undersigned counsel as counsel for the Classes;

D.  A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.  An order enjoining Defendant and/or their affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages;

F.  An award to Plaintiff and the Classes of damages, as allowed by law;

G.  Leave to amend this Complaint to conform to the evidence presented at trial; and

H.  Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

PLAINTIFF,
By his attorneys

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

11